# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 8000 | **DATE** | 9/7/2010 |
| **CASE TITLE** | Babych vs. Psychiatric Solutions, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to amend the complaint [32] is granted in part and denied in part. Plaintiff may file proposed Counts I and II. Leave to file Counts III and IV is denied. Because of her delay, plaintiff may not, for the purpose of discovering her new claims, redepose any witness who has already been deposed.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Rule 15(a) provides that a party may amend its complaint with leave of court, which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a). The rule "reflects a liberal attitude towards the amendment of pleadings—a liberality consistent with and demanded by the preference for deciding cases on the merits." *Duthie* v. *Matria Heathcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008) (citing *Barry Aviation, Inc.* v. *Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). District courts have discretion to deny a proposed amendment "if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys* v. *Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Campania Mgmt. Co.* v. *Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002). Delay is not a sufficient basis for denial of leave to amend unless the delay has caused the opposing party undue prejudice. *Textor* v. *Board of Regents*, 711 F.2d 1387, 1391 (7th Cir. 1983). "Generally, 'the grant of leave to amend . . . is within the discretion of the trial court.'" *Sanders* v. *Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995) (quoting *Zenith Radio Corp.* v. *Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S. Ct. 795, 802, 28 L. Ed.2d 77 (1971)).

The parties agreed that amendments to pleadings were to be made by March 31, 2010. This motion was filed August 16, 2010. Plaintiff's explanation for her failure to timely amend her pleading is simply that she failed to inform her lawyers of the conduct underlying the claims. Defendants argue that they will be prejudiced if leave is granted because discovery is well underway and depositions are already scheduled. Although plaintiff's excuse is slim, the proper remedy is not to deny leave to file but to prohibit plaintiff from obtaining discovery that would entail witnesses' having to duplicate effort already made, such as retaking a completed deposition. The court will grant leave to file unless filing the proposed claims would be futile.

Leave to file proposed Count I, a claim of common law retaliatory discharge is allowed. Illinois courts are divided whether the common law protects an employee who brings illegal conduct to the employer's

| STATEMENT |
|---|

attention but does not report the conduct to outside authorities. *See Nappi* v. *Meridian Leasing Corp.*, 859 F. Supp. 1177, 1179-80 (N.D. Ill. 1994) (citing conflicting Illinois cases and holding that a valid claim for retaliatory discharge is established when an employee claims he was discharged for reporting apparent criminal conduct to his employer.); *Callahan* v. *Edgewater Care & Rehabilitation Center, Inc.* 872 N.E.2d 551, 554, 374 Ill. App.3d 630, 635, 313 Ill. Dec. 568, 571 (Ill. App. 2007) ("The fact that individuals discharged in retaliation for reporting illegal activities to their superiors have no right of action under the Whistleblower Act does not compel the conclusion that they have no right of action at all.")

Proposed Count II may be filed. Section 20 of the Illinois Whistleblower Act (IWA), 740 Ill. Comp. Stat. § 174/20, prohibits retaliation against an employee "for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation." An employee retaliated against in violation of section 20 may bring a civil action against the employer. *Callahan*, 872 N.E.2d at 553, 374 Ill. App.3d at 633, 313 Ill. Dec. at 570. Defendants rely on *Gross* v. *FBL Financial Services, Inc.*, ___ U.S. ___, 129 S. Ct. 2343, 2346, 174 L. Ed.2d 119 (2009), for the proposition that because plaintiff has alleged a claim of discrimination based on age, she cannot plead retaliation under any other theory. This is unpersuasive. *Gross* held that a "mixed motives" instruction in a discrimination claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.*, was improper, based on the conclusion that an ADEA plaintiff must prove that age discrimination was the "but for" reason for the adverse employment action. *Gross* has nothing to say about pleading claims in the alternative. Although a jury may not be given a mixed motives instruction for the ADEA claim, it may be instructed to consider each of plaintiff's claims on its merits. Defendants' argument is more relevant to avoiding inconsistent verdicts.

Filing the proposed Count III would be futile. The Illinois Whistleblower Reward and Protection Act (IWRPA), 740 Ill. Comp. Stat. §§ 175/1 *et seq.*, provides a right of action to an employee who is discharged or discriminated against in employment because of lawful acts done in furtherance of an action brought against one's employer for filing false claims against the State. *Id.*, § 4(g). Plaintiff does not allege that a false claim action under section 4(g) has been brought or is being investigated by the Attorney General or through a *qui tam* suit, as authorized by section 4(b). *See Burke* v. *Chicago School Reform Bd. of Trustees*, 169 F. Supp. 2d 843, 848 (N.D. Ill. 2001) (noting plaintiff's concession that 740 Ill. Comp. Stat. § 175/4(b) fails to recognize a private cause of action for whistleblower activities.).

Leave to file proposed Count IV is denied. Other than the caption, the allegations are duplicative of proposed Count III. To the extent plaintiff intends, as the motion states at paragraph 5, to proceed under the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, filing such claim would be futile, as with the proposed IWRPA claim, because she has not alleged the existence of an investigation or proceeding to enforce the Act. *See, e.g.*, *U.S. ex rel. Batty* v. *Amerigroup Illinois, Inc.*, 528 F. Supp. 2d 861, 877 (N.D. Ill. 2007), *citing Brandon* v. *Anesthesia & Pain Mgmt. Assoc., Ltd.,* 277 F.3d 936, 944 (7th Cir. 2002) ("To bring a retaliatory discharge claim under Section 3730(h), a plaintiff must show: (1) his actions were taken in furtherance of an FCA enforcement action; (2) the employer knew the plaintiff was engaged in this protected conduct; and (3) the discharge was motivated, at least in part, by the protected conduct[.]").